UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:10-CR-0056 |
| | : | Case No. 1:16-CV-0013 |
| Plaintiff-Respondent, | : | |
| | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Doc 55, 1:10-CR-0056] |
| | : | [Resolving Doc. 1, 1:16-CV-0013] |
| MITCHELL R. LEMASTER, | : | |
| | : | |
| Defendant-Petitioner | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 16, 2010, Defendant-Petitioner Mitchell R. Lemaster pled guilty to a one count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C.§ 922(g)(1).[1] At sentencing, this Court determined that Lemaster was an armed career criminal under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act (ACCA). Under the ACCA, a defendant faces a fifteen year mandatory minimum sentence if he is charged as a felon in possession of a firearm and has three or more earlier "violent felony" convictions. Lemaster's sentencing under the ACCA was based on three prior Ohio burglary convictions: one count of third-degree burglary, and two counts of fourth-degree burglary.[2]

On June 26, 2015, the Supreme Court decided *Johnson v. United States*. *Johnson* held that one prong of the ACCA's definition of a "violent felony" — the residual clause — violates due process and is unconstitutionally vague.[3] As a result, predicate felonies under the residual clause cannot be the basis for sentencing under the ACCA.

---

[1] Doc. 33. All citations are to the docket for 1:10-CR-0056.
[2] Doc. 58 at 2; Doc. 55 at 4.
[3] __ U.S. __, 135 S.Ct. 2551 (2015)

Case No. 1:15-CV-1869
Gwin, J.

Lemaster brings this habeas petition seeking re-sentencing and argues that his prior Ohio burglar convictions only qualified as predicate felonies under the residual clause. The government has filed a response to Lemaster's petition. The government largely concedes Lemaster's position.[4] For the following reasons, the Court **GRANTS** Lemaster's petition.

### I. Legal Standard

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[5]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[6]

Under 28 U.S.C. § 2255(f)(3), the one-year statute of limitations for seeking habeas relief runs from "the date on which the right asserted was initially recognized by the Supreme Court."

---

[4] Doc. 58.
[5] 28 U.S.C. § 2255(a).
[6] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

2

Case No. 1:15-CV-1869
Gwin, J.

## II. Discussion

Defendant's petition is timely.[7] Moreover, in light of *Johnson*, a criminal defendant who received an enhanced sentence under the residual clause of the ACCA received a sentence that was "imposed in violation of the Constitution."[8]

The parties both state that Defendant's predicate convictions for third- and fourth-degree burglary in Ohio fell under the residual clause only.[9] The Court agrees. Defendant's earlier sentence was unconstitutional, and Defendant is entitled to relief.

The Court **GRANTS** Lemaster's petition. The Court will hold a hearing to resentence the Petitioner.

IT IS SO ORDERED.

Dated: March 9, 2016                                    *s/        James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[7] *Johnson* was decided on June 26, 2015. This petition was filed within one year of that date on January 5, 2016. Doc. 55.
[8] 28 U.S.C. § 2255(a); *see also In Re: Watkins*, 810 F.3d 375, 382-383 (6th Cir. 2015) (holding that *Johnson* is retroactively applicable on collateral review in a § 2255 habeas petition).
[9] Doc. 55 at 4 (collecting cases); Doc 58 at 4 (collecting cases).

3